**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DAMARIS GARCIA ORDONEZ,
Petitioner,

v. Case No. 5:26-cv-748-KKM-PRL

SHERIFF PEYTON C. GRINNELL,
FIELD OFFICE DIRECTOR,
Respondents.

---

**ORDER**

Damaris Garcia Ordonez, a citizen of Guatemala who is in active removal proceedings, has been detained at the Lake County Detention Center since a traffic stop on September 15, 2026. (Doc. 1, pp. 1–2; Doc. 4, p. 1.) On September 18, 2026, Ordonez requested a bond hearing from the Orlando Immigration Court. (Doc. 1, p. 2.) Because a bond hearing was not scheduled, Ordonez petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. (*Id.*, pp. 1–2.) Ordonez argues that her detention without a bond hearing is arbitrary and violates her Fifth Amendment right to due process. (*Id.*, pp. 7–8.) Ordonez further claims that, because she is detained without an individualized bond determination, she "is entitled to prompt judicial review of the statutory authority governing her detention." (*Id.*, p. 8.) As relief, Ordonez asks this Court to order the immigration court to hold an individualized bond hearing. (*Id.*, pp. 1–2, 9.)

Ordonez is currently detained under 8 U.S.C. 1226(a). (Doc. 4, p. 1.) Section 1226(a) "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Aliens detained under § 1226(a) have the right to an individualized bond hearing. *Id.* at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Ordonez received an individualized bond hearing before an immigration judge on October 13, 2026, six days after this petition was filed. (Doc. 4, pp. 1–2.) After considering the evidence presented, the immigration judge denied bond, finding that Ordonez is a flight risk because she missed a prior immigration hearing and there was a lack of financial information related to her sponsor. (*Id.*, p. 2; Doc. 4-2, p. 1.)

Respondents argue that the petition should be denied as moot because Ordonez received the relief she requests: a bond hearing. (Doc. 4, pp. 1–6.) Ordonez concedes that she received a bond hearing and does not argue that any mootness exceptions apply here. (*See* Doc. 5.) Instead, Ordonez asks the Court to "carefully consider whether the subsequent administrative proceeding fully resolved the claims presented in the original [p]etition and whether any live controversy concerning the legality of [her] continued detention remains." (*Id.*, p. 1.)

Habeas petitions are subject "to 'fact pleading' as opposed to 'notice pleading[.]'" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). It is Ordonez's

"burden to establish [her] right to habeas relief and [to] [] prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008). This Court may not, and will not, act as Ordonez's counsel to advise or to rewrite her pleading. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citations omitted). All of the grounds and requests for relief in Ordonez's petition relate to Respondent's failure to provide an individualized bond hearing. (Doc. 1, pp. 1–2, 7–9.) Consequently, now that Ordonez has received a bond hearing, the petition must be denied as moot. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (explaining that a case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief"); *Alvarado-Manzanarez v. Warden, North Florida Detention Facility, et al.*, No. 3:26-cv-01948-WWB-LLL (M.D. Fla. Sept. 15, 2026) (Doc. 9, p. 2) ("because Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot[]"); *see also Portillo v. Gualtieri*, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (stating that an alien detained under § 1226 is entitled to a bond hearing only, not immediate release) (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026)).

To the extent that Ordonez disagrees with the outcome of the bond hearing, she may appeal the immigration judge's decision to the Board of

Immigration Appeals. 8 C.F.R. § 1003.1(b)(7). Alternatively, she may seek a new bond hearing if she can demonstrate a material change in circumstances since the prior bond determination. 8 C.F.R. § 1003.19(e).

Ordonez vaguely asks for the opportunity to clarify any remaining claims, "if procedurally appropriate." (Doc. 5, p. 5.) As an initial matter, the Court notes that Ordonez's reply was her opportunity to clearly assert any argument as to why her claims are not moot, but she failed to do so. To the extent that Ordonez moves to amend the petition to put forth new claims, the motion is denied because Ordonez does not provide any legal support to demonstrate that her request is "procedurally appropriate." *See* M.D. Fla. R. 3.01(b) ("A motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Therefore, it is **ORDERED**:

1. The petition, (Doc. 1), is **DISMISSED without prejudice**.
2. The **CLERK** is directed to terminate any pending motions and close this case.

**ORDERED** in Ocala, Florida, on November 3, 2026.

Kathryn Kimball Mizelle
United States District Judge